Leopoldo Agot POLINTAN, Petitioner,

v.

John ASHCROFT, Attorney General,
Respondent—Appellee.

No. 03–70794.

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 2004.*

Decided May 17, 2004.

Amos Lawrence, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Elise M. Faber, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent–Appellee.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

## MEMORANDUM **

Leopoldo Agot Polintan, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we review the IJ's decision as the final agency determination, *see Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence and will reverse the IJ only if the petitioner shows that the evidence compels such a result. *Cruz–Navarro v. INS,* 232 F.3d 1024, 1028 (9th Cir.2000). We deny the petition.

Accepting Polintan's testimony as true, substantial evidence nevertheless supports the IJ's determination that he does not have a well-founded fear of future persecution by the New People's Army ("NPA"). Polintan offered no compelling evidence

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that the NPA's effort to recruit him was based on any knowledge of his political opinions, or that his implicit refusal of the NPA's job offer would be the basis for future persecution attributed to his political opinions. *See INS v. Elias–Zacarias,* 502 U.S. 478, 482–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Because Polintan failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Cruz–Navarro,* 232 F.3d at 1031.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.